United States District Court
Southern District of Texas
**ENTERED**
June 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ANGEL ZAVALA, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-448 |
| | § | |
| LORIE DAVIS, | § § | |
| Respondent. | § § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Joe Angel Zavala is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Stringfellow Unit in Rosharon, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on October 24, 2016.[1] Petitioner claims that his constitutional rights were violated during his trial proceedings. Respondent filed a motion for summary judgment on March 7, 2017 (D.E. 10) to which Petitioner did not respond. For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed because it is second or successive and also time-barred. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mailing system on October 24, 2016 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper here because Petitioner was convicted in Nueces County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On October 2, 2008, Petitioner was indicted in the 319th Judicial District Court of Nueces County, Texas on one count of unlawful possession with intent to deliver heroin (four grams or more but less than 200 grams). *Ex Parte Zavala*, WR-77,275-01 at p. 4 (D.E. 11-15 at p. 45). Petitioner was tried in front of a jury and found guilty of the offense on February 4, 2009. *Id.* at pp. 172-173 (D.E. 11-15 at pp. 73-74). The court sentenced Petitioner to confinement in TDCJ-CID for fifty years. *Id.* (D.E. 11-15 at pp. 73-74).

Petitioner filed a direct appeal. On March 25, 2010 the Thirteenth Court of Appeals affirmed the judgment of the trial court. *Zavala v. State*, No. 13-09-188-CR, 2010 WL 1138445 (Tex. App.—Corpus Christi 2010, pet. ref'd.)(located herein at D.E. 11-9). Petitioner sought a petition for discretionary review (PDR) from the Texas Court of Criminal Appeals but it was refused on December 20, 2010 (D.E. 11-13).

Petitioner filed an application for habeas corpus relief in state court on January 13, 2012. *Ex Parte Zavala*, WR-77,275-01 at pp. 2-117 (D.E. 11-14 at pp. 6-103 and D.E. 11-15 at pp. 1-18). On February 22, 2012, the habeas trial court entered findings of fact and conclusions of law and recommended that habeas relief be denied. *Id.* at 142 (D.E.

11-15 at p. 43). On March 14, 2012, the Texas Court of Criminal Appeals denied Petitioner's application without written order on the findings of the trial court. *Id.* at "Action Taken" page (D.E. 11-14 at p. 2).

On March 21, 2012, Petitioner filed an application for habeas corpus relief in federal court. *Zavala v. Thaler*, No. 2:12-cv-95, 2012 WL 3257786 (S.D. Tex. 2012). A United States Magistrate Judge recommended that the application be dismissed and the District Court adopted the recommendation and dismissed Petitioner's lawsuit on October 22, 2012. *Id.* (D.E. 32, 33, 34 in *Zavala*, No. 2:12-cv-95). The Petitioner appealed the denial to the Fifth Circuit Court of Appeals which denied him a certificate of appealability on May 9, 2013. *Zavala v. Thaler*, No. 12-41251 (5th Cir., May 9, 2013)(D.E. 51 in *Zavala*, 2:12-cv-95). Petitioner filed a second notice of appeal on May 16, 2016 and the Fifth Circuit dismissed the appeal on September 26, 2016 because it was untimely filed. *Zavala v. Davis*, No. 16-40745 (5th Cir. Sept. 26, 2016)(per curiam)(D.E. 55 in *Zavala*, 2:12-cv-95).

Petitioner next filed the instant habeas petition on October 24, 2016 and makes the following arguments:

> (1) The fifty-year sentence was excessive and violated Petitioner's Eighth Amendment right to be free of cruel and unusual punishment;
>
> (2) The sentence violated Petitioner's right to due process because it was arbitrary, random, and capricious; and
>
> (3) He was denied effective assistance of counsel.

In her motion for summary judgment, Respondent argues that Petitioner's claims are time-barred. Respondent also states that Petitioner's cause of action is not successive,

although, as discussed below, it clearly is second or successive and is subject to dismissal.

## APPLICABLE LAW

### A. Second or Successive

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). A court may *sua sponte* address the issue of whether a petition is second or successive. *Butler v. Stephens*, 600 Fed. Appx. 246, n. 1 (5th Cir. 2015)(citing *Bailey v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010)).

Petitioner raises the same issues in this case that he raised in his prior federal habeas petition. Therefore, his instant petition clearly is "second or successive." This court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth

Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court. *See* 28 U.S.C. §2244 (b)(3)(A).[2] *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies 28 U.S.C. § 2244(b)(2), dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that Petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

**B. Statute of Limitations**

In the alternative, Petitioner's application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

---

[2] Petitioner would have to show (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

  (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

  Petitioner's conviction became final on March 21, 2011, which was the expiration of the deadline for seeking a writ of certiorari in his case. Sup. Ct. R. 13.1; 28 U.S.C. § 2244(d)(1)(A).[3] He had one year from that date, or until March 21, 2012, to file his federal petition. He did not file the current petition until October 24, 2016, more than four years too late.

---

[3] Pursuant to Supreme Court Rule 13.1, unless otherwise provided by law, a petition for writ of certiorari must be filed ninety days after entry of the judgment.

6 / 11

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). Petitioner's state habeas action was pending from January 13, 2012 until March 14, 2012, a period of sixty-two days. Adding sixty-two days to the March 21, 2012 deadline extended it to May 22, 2012. Because Petitioner did not file this habeas until October 24, 2016, it still was filed more than four years too late. Nor did the previous federal habeas petition toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001). Accordingly, Petitioner's habeas cause of action is barred by the AEDPA statute of limitations.

**B. Equitable Tolling**

Petitioner has not shown that he is entitled to equitable tolling of the statute of limitations. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254

claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Nor do illiteracy, lack of legal training, or ignorance of legal rights toll the limitations period. *Id.* (citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1991) and *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A garden variety claim of excusable neglect does not support equitable tolling. *Id.* A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 2549, 2565 (2010)(internal citations and quotations omitted). Petitioner has made neither showing in this case. Accordingly, his application for habeas relief should be dismissed as time-barred.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because

"the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are

second or successive or time-barred. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 10) be GRANTED. Petitioner's application for habeas corpus relief should be DISMISSED without prejudice because it is second or successive. In the alternative, Petitioner's cause of action should be DISMISSED with prejudice because it is time-barred. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 7th day of June, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).